NO. 07-07-0162-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 16, 2007

_____

ALFRED WILLIAM WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1090; HONORABLE STEVEN EMMERT, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea bargain, Appellant, Alfred William Ward, was convicted of burglary of a habitation with intent to commit assault and punishment was assessed at ten years confinement, suspended in favor of community supervision for seven years, and a fine of $3,000. Upon the State's motion to revoke for alleged violations of the terms and

conditions of community supervision, the trial court held a hearing. Following Appellant's pleas of true and presentation of evidence, the trial court revoked Appellant's community supervision and imposed a sentence of five years confinement. On April 30, 2007, Appellant's counsel, James G. Baker, filed Appellant's *Notice of Appeal.*

On September 19, 2007, Appellant's counsel filed a brief on Appellant's behalf that was not in compliance with the Texas Rules of Appellate Procedure. The brief was struck and the Court directed counsel to file a corrected brief on or before October 5, 2007. On October 16, 2007, well after the deadline, counsel filed Appellant's corrected brief. However, that brief was not accompanied by a motion for extension of time as required by Rule 10.5(b) of the Texas Rules of Appellate Procedure.

By letter of October 26, 2007, counsel was notified that numerous attempts by the Clerk of this Court to communicate with his office by telephone regarding the motion for extension of time had failed and he was directed to file said motion on or before November 7, 2007. The Court noted that failure to do so could result in the appeal being abated and the cause remanded to the trial court for further proceedings. Counsel has not communicated with the Court either in writing or by telephone.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant desires to prosecute the appeal;

2. whether Appellant is indigent and entitled to appointed counsel;

3. whether Appellant's counsel has effectively abandoned the appeal given his failure to either communicate with this Court or file a motion for extension of time due to the untimely filing of Appellant's brief; and

4. whether Appellant has been denied effective assistance of counsel and is entitled to new appointed counsel.

Should it be determined that Appellant does want to continue the appeal, is indigent, and that present counsel should be replaced, the trial court shall appoint new counsel to represent Appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order appointing counsel. If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by December 14, 2007.

It is so ordered.

Per Curiam

Do not publish.